CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 30, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MATTHEW DON BLACKWELL, ) | |
|     Plaintiff, ) | Civil Action No. 7:24cv00271 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| T. JOSEPH STILTNER, et al., ) | By: Robert S. Ballou |
|     Defendants. ) | United States District Judge |

Matthew Don Blackwell, an inmate proceeding *pro se*, has filed this action under 42 U.S.C. § 1983, alleging that the defendants have conspired to deprive him of his right to a speedy trial, right to adequate counsel, and right to a fair trial. The defendants are Stiltner, his court-appointed attorney; a Circuit Court judge in Tazewell, Virginia; and an unknown court-appointed mental health evaluator. For the reasons stated below, this matter must be dismissed on preliminary review, pursuant to 28 U.S.C. § 1915A.

## I. Background

Based upon available records in the Virginia online case information system, Blackwell was arrested in December 2022 for possession of schedule I/II controlled substances and subsequently released on bond. The case has been continued in the Tazewell General District Court nine times (seven times at his attorney's request) and is next scheduled for November 8, 2024. In April 2023, Blackwell was arrested on a major probation violation report, his fourth violation from a 2010 statutory burglary conviction, and committed to jail. He was appointed the same attorney for the circuit court probation violation as the attorney representing him in general district court on the drug charges. On July 10, 2023, the circuit court entered an evaluation order. Blackwell was apparently found incompetent to stand trial; the court received the evaluation report on August 22, 2023, and then ordered treatment to restore him to competency on August

28, 2023.  Thereafter, Blackwell's case has been on the circuit court docket for review in February, March, May, August, and October of 2024.  The next court date is scheduled for January 7, 2025.

In various letters to this court, Blackwell alleges that his attorney has failed to communicate with him, that his speedy trial rights have been ignored, that the judge is biased against him, and that he should have been allowed to return home to be restored to competence.

## II.  DISCUSSION

At the outset, the court must take notice that judges enjoy absolute immunity from civil suit, even if the judge is accused of acting maliciously or corruptly.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  The only exceptions to this immunity involve actions taken outside his judicial role or those taken without jurisdiction.  *Id.* at 12.  Granting continuances, denying bail, ordering psychological evaluations, and ordering treatment to restore a defendant to competency are all judicial actions, that is, actions normally performed by a judge.  In performing those actions in the Tazewell Circuit Court, the judge was acting within his jurisdiction.  Therefore, this suit against defendant Hurley must be dismissed.

To state a claim under § 1983, a plaintiff must allege the violation of his rights by a person "acting under color of state law."  *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017).  In a substantially similar case, the Fourth Circuit Court of Appeals held that neither court-appointed attorneys nor court-appointed psychiatrists evaluating defendants are state actors.  *Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980).  The following year, the Supreme Court held that even public defenders are not "state actors" within the meaning of § 1983, notwithstanding state employment, because a lawyer's ethical duties and obligations are to the client, "whether the

lawyer is privately retained, appointed, or serving in a legal aid or defender program." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (citation omitted).

Because neither Stiltner nor the unknown mental health evaluator are state actors acting under color of state law, Blackwell has failed to state a claim for which relief may be granted.

### III. CONCLUSION

For the reasons stated, the claim against defendant Hurley is **DISMISSED** under 28 U.S.C. § 1915A(b)(2) as barred by judicial immunity. The claims against Stiltner and the unknown mental health evaluator are **DISMISSED** under 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief may be granted. The motions filed by Blackwell (ECF Nos. 26, 29, and 32) are **DENIED as MOOT**, and this matter is **STRICKEN** from the docket of this court.

The Clerk is directed to send a copy of this opinion and order to Mr. Blackwell.

Enter:  October 30, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

3